UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BOBBY LEE MONTGOMERY,

                                    Plaintiff,

        v.

STATE OF NEVADA, et al.,

                                    Defendants.

Case No. 2:20-cv-01061-KJD-VCF

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (ECF #17). Plaintiff responded in opposition (ECF #24) to which Defendant replied (ECF #25).

I.      Factual and Procedural Background

*Pro se* Plaintiff Bobby Lee Montgomery ("Montgomery") filed his complaint against Defendants on June 12, 2020. (ECF #1). Montgomery alleged multiple civil rights violations, including denying him his fourth and eighth amendment rights. Id. at 6–7. The violations arose from an incident that took place at the Clark County Detention Center ("CCDC") on June 18, 2018. Id. at 5. Montgomery alleges that while he was detained at CCDC he had a cut on his hand. Id. at 5–6. When he requested medical attention the guards denied it and instead used excessive force to restrain him in a chair. Id. Montgomery alleges that he was choked by the officers, the straps around his chest and knees were tightened too many times, and the handcuffs were too tightly applied and cut into Montgomery's wrists. Id. Montgomery was not given the medical attention he sought but a nurse was present to wipe his blood off the floor. Id. at 6.

On September 28, 2020, the Court ordered Montgomery to perfect service in the next 90 days. (ECF #9, at 2). With the original time period to serve after filing the complaint, and the extension granted in that order, Montgomery had 199 days from the day he filed his complaint to properly serve Defendant Las Vegas Metropolitan Police Department ("LVMPD"). (ECF #25, at

3). When Montgomery attempted to serve LVMPD by mail, LVMPD responded with a letter, informing Montgomery that mail was insufficient to satisfy the service requirements. Id. at 5. Later, one day after the Court's 90-day deadline had expired, Montgomery attempted to serve LVMPD by personally delivering the summons and a copy of the complaint to LVMPD. Id. LVMPD now asks the Court to dismiss the claims against it for failure to serve. (ECF #17, at 2–3).

## II. Legal Standard

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). "Rule 4 is a flexible rule that should be liberally construed so long as a party received sufficient notice of the complaint." Id. (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). Nevertheless, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

When considering a motion to dismiss for failure to serve, "courts must determine whether good cause for the delay has been shown on a case by case [sic] basis." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). District courts "must extend time for service upon a showing of good cause." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). Plaintiffs may be required "to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" Id. (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). In the absence of a showing of good cause, "the district court may extend time for service upon a showing of excusable neglect." Lemoge, 587 F.3d at 1198.

## III. Analysis

Montgomery did not effectuate service within the deadline provided by the Court. In his response to the instant motion, Montgomery did not argue that his failure to timely serve was

justified by a good cause or excusable neglect. Nor did the motion discuss Montgomery's failure to effectuate service in the manner provided in Rule 4(m) or request an extension to effectuate proper service. Instead, Montgomery argued that the time to serve LVMPD started on November 16, 2020, which is when the summons was issued. The Court will liberally construe Montgomery's *pro se* motion, but it will not act as his attorney. See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) (a district court "lacks the power to act as a party's lawyer, even for *pro se* litigants."). This Court's order on September 28, 2020 was clear: Montgomery had 90 days to serve the defendants. Montgomery's argument that the time to serve did not begin until November 16, 2020 when the summons was issued is unpersuasive. Federal Rule of Civil Procedure 4 dictates how a plaintiff must effectuate service. It states that a defendant must be served "within 90 days after the complaint is filed," indicating that the clock starts upon filing the complaint, not when the summons is issued. Fed. R. Civ. P 4(m). Additionally, the date the summons is issued is in the plaintiff's control. After filing a complaint, a plaintiff "may present a summons to the clerk for signature and seal." Id. at 4(b). Starting the deadline clock for service upon the issuance of a summons would be contradictory to the rest of Rule 4.

The Court does not have a duty to teach Montgomery the procedural rules as "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986). Because Montgomery had ample time to properly serve LVMPD, failed to do so, and has not proven a good cause or excusable neglect for his failure, LVMPD is dismissed from the action without prejudice.

IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF #17) is **GRANTED**.

Dated this 3rd day of May, 2021.

Kent J. Dawson
United States District Judge