UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-01061-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration (ECF #30). Defendant Las Vegas Metropolitan Police Department ("LVMPD") responded in opposition (ECF #31) and Plaintiff did not reply.

I.        Factual and Procedural Background

On May 3, 2021, the Court granted LVMPD's motion to dismiss. (ECF #29). LVMPD was dismissed without prejudice for Plaintiff Bobby Lee Montgomery's ("Montgomery") failure to properly serve. Id. Montgomery was given 199 days to effectuate service and was informed that service by mail was insufficient. Id. at 1–2. He failed to do so. On May 12, 2021, Montgomery filed this motion for reconsideration of the Court's order dismissing LVMPD. Montgomery argues that he was not provided a copy of the Court's previous order mandating service within a specific time and that service by mail should have been sufficient.

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Such a motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or

1    committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening
2    change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. Reconsideration under Rule
3    60(b) is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable
4    neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other
5    misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any
6    other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). This
7    relief can only be obtained upon "an adequate showing of exception or extraordinary
8    circumstances." Santos v. Baca, No. 2:11-cv-01251-KJD-NJK, 2017 WL 11476089, at *2 (D.
9    Nev. Dec. 20, 2017).

10          Montgomery cannot show that reconsideration is warranted. He does not argue that new
11   evidence has been presented, that the Court committed clear error, or that there was an
12   intervening change in controlling law. Nor does he argue mistake, fraud, misrepresentation, or
13   any other reason justifying relief from the order. Montgomery merely re-argues the same points
14   that he made in his opposition to the original motion to dismiss. A motion for reconsideration is
15   an extraordinary remedy, "not an avenue to re-litigate the same issues and arguments upon which
16   the court already has ruled." Brown v. Kinross Gold, U.S.A., 378 F.Supp.2d 1280, 1288 (D. Nev.
17   2005).

18          Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration
19   (ECF #30) is **DENIED**.

20          IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF #27) is **DENIED**
21   **as moot.**

22   Dated this 30th day of September, 2021.

_____
Kent J. Dawson
United States District Judge