# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>　　　　　　Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　Defendant(s). | 2:20-cv-01061-KJD-VCF<br>**ORDER and**<br>**REPORT AND RECOMMENDATION** |

　　　Before the court is plaintiff Bobby Lee Montgomery's request to the court to issue and order for the U.S. Marshal to service the defendants (ECF No 36).

**Request for U.S. Marshal to service defendants**

　　　Plaintiff requests that the court issues an order for the U.S. Marshal to serve defendants Clark County Detention Center and State of Nevada.

　　　Pursuant to Fed. R. Civ. P. 4(c)(3), at the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. Plaintiff paid the full filing fee when he filed his complaint. (ECF No. 1). The Court will not order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court since Plaintiff is not proceeding *in forma pauperis* under 28 U.S.C. § 1915 or a seaman under 28 U.S.C. § 1916. (ECF No. 1).

**Report and Recommendation for dismissal**

　　　This case commenced on June 12, 2020, with Plaintiff filing his complaint against defendants Clark County Detention Center, Las Vegas Metropolitan Police Department, State of Nevada. (ECF No. 1). On September 28, 2020, Judge Dawson issued an order extending plaintiff's time to perfect service to December 28, 2020. (ECF No. 9). On January 19, 2021, LVMPD filed its motion to dismiss. (ECF No.

17). LVMPD stated that Montgomery should have served LVMPD by December 28, 2020. He did not. Instead, he served LVMPD on December 29, 2020. *Id.* at page 2. On May 3, 2021, Judge Dawson granted LVMPD's motion to dismiss. (ECF NO. 29). No additional extension was given to perfect service on the remaining defendants.

The time to perfect service on defendants Clark County Detention Center and State of Nevada has passed. (ECF No. 9). Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

The complaint was filed on June 12, 2020. The deadline to effectuate service of process was extended to December 28, 2020. (ECF No. 9); Fed. R. Civ. P. 4(m).

The time to effectuate service upon defendants expired has long expired, and plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively). Here, plaintiff has not provided a showing of good cause or excusable neglect in his failure to perfect service on Clark County Detention Center and State of Nevada. (ECF No. 36).

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff was given notice regarding intention to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if defendants are not served and if plaintiff cannot provide good cause for failure to perfect service. (ECF No. 35). Plaintiff failed to provide good cause for failure to perfect service on defendants Clark County Detention Center and State of Nevada. Plaintiff has failed to follow the rule of this Court. (ECF No. 9, ECF No. 35, Fed. R. Civ. P. 4(m)).

Accordingly,

IT IS HEREBY ORDERED that plaintiff Bobby Lee Montgomery's request to the court to issue and order for the U.S. Marshal to service the defendants (ECF No 36) is DENIED.

IT IS FURTHER RECOMMENDED that this case be DISMISSED for failure to comply with Court Orders.

DATED this 10th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE